UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

RYAN ANTHONY PRYOR,                         CHAPTER 13
ELIZABETH JANE PRYOR,                    CASE NO. 8:09-BK-09852-CED

     Debtors.

_____/

CREDITOR FIFTH THIRD BANK'S MOTION FOR EXAMINATION
OF THE DEBTORS PURSUANT TO RULE 2004 AND REQUEST FOR
PRODUCTION OF DOCUMENTS

     Fifth Third Bank ("Movant"), by and through its undersigned counsel, and pursuant to Rule 2004, *Fed R. Bankr. P.*, move this Court for an order authorizing Movant to conduct a Rule 2004 examination of Ryan Anthony Pryor and Elizabeth Jane Pryor (the "Debtors"). Movant further requests that the Debtors be required to bring to the Rule 2004 Examination, or to produce beforehand, all documents as specified in the attached Exhibit "A". In support, Movant states as follows:

     1.       On May 13, 2009 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this case.

     2.       Movant, a creditor of the Debtors, wishes to conduct an examination of the Debtors as prescribed under Federal Rule of Bankruptcy Procedure 2004, which specifically provides for an examination in a chapter 13 case.

     3.       The scope of Movant's examination and request for documents of the Debtors will be concerning the acts, conduct, property, liabilities, and financial condition

of the Debtors; the existence of evidence to support an objection to confirmation of the Debtors' plan; whether the Debtors have converted significant property belonging to their non-debtor corporate entity and in which Movant has a perfected security interest; whether the Debtors have records and documents regarding the property in which Movant has a perfected security interest; whether Debtors have been and are still operating their corporation Living Ventures Corporation and earning income from the property or business of said corporation in excess of what Debtors report or propose to pay to creditors in their plan; regarding the matters affecting the administration of the Debtors' estate; matters relevant to the case and the formulation of a plan; and any other area of valid inquiry as authorized by Rule 2004.

    4.    The law office of Akerman Senterfitt, SunTrust Financial Centre, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602-5250 is a mutually convenient location for the examination.

**WHEREFORE**, Movant requests that the Court:

a. Order that the Debtors appear for a Rule 2004 Examination regarding the matters particularly described above and produce the documents identified on Exhibit "A" at least five business days prior to the examination; and

b. grant such further and other relief that the Court deems appropriate.

    */s/ Michael A. Nardella*
    Michael A. Nardella, Esquire

Respectfully submitted,

**AKERMAN SENTERFITT**
Post Office Box 231
420 South Orange Avenue

        Suite 1200
        Orlando, FL  32802-0231
        Phone:  (407) 423-4000
        Fax:  (407) 843-6610
        Email:  michael.nardella@akerman.com

        Counsel for Fifth Third Bank

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 16, 2009, I caused the foregoing to be served electronically or by U.S. Mail, postage prepaid, on the following: Christie D. Arkovich, Esquire, 1520 West Cleveland Street, Tampa, FL  33606; Terry E. Smith, P.O. Box 6099, Sun City Center, Florida 33571; and Cheryl Thompson, Esq., Gray Robinson , P.A., 201 N. Franklin St., Suite 2200, Tampa, FL 33602-5822.

        /s/Michael A. Nardella
        Michael A. Nardella, Esq.

**EXHIBIT "A" TO MOTION FOR RULE 2004 EXAMINATION**

<u>DEFINITIONS</u>

The term "Document" and "Documents" include, but are not limited to, all paper material of any kind, whether written typed, printed, punched, filmed, or marked in any way; recording tape or wires, film, photographs, movies, or any graphic matter, however produced or reproduced; all mechanical or electronic sound recordings or transcripts thereof; all information stored or located in computer hardware or software; and all drafts and non-identical copies thereof, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals (or if unavailable, a copy of the original) and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, e-mail, telegrams, teletype, telefax bulletins, electronic mail or other communications, interoffice and intra-office telephone calls, calendar entries, diaries, appointment book entries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, wire transfer logs, account statements, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind

(including without limitation, tapes, cassettes, computer discs, computer software or recordings), and including the file and file cover.

The term "Any and all documents" means every document or group of documents as above defined known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

The terms "relating to", "relates to", or "related to" shall be construed in their broadest sense and shall mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connecting with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

The term "Debtors" refers to Debtors Ryan Anthony Pryor and Elizabeth Jane Pryor.

The terms "you" and "your" refer to Debtors Ryan Anthony Pryor and Elizabeth Jane Pryor and anyone acting on their behalf including their attorneys and any business entity in which they have any financial interests that relate to this litigation.

The term "communication(s)" includes every manner or means of disclosure, transfer or exchange of information whether in person, by telephone, mail, personal delivery, or otherwise.

The term "or" is to be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

The term "Living Ventures" shall refer to the corporate entity known as Living

Ventures Corporation, d/b/a Escapades for Women, its predecessors or successors, its subrogors, its agents, employees, servants, or representatives, and, unless privileged, its attorneys.

Unless otherwise stated in a specific request, the time frame covered by this document request commences the last four years prior to the date of the petition filed in this case through present.

## DOCUMENTS

1. Any and all documents relating to or evidencing the information contained in the Debtors' Schedules and Statement of Financial Affairs.

2. Any and all documents of any nature evidencing any income to Debtors for calendar years 2007, 2008, and 2009.

3. Any and all documents of any nature related to the current business activities of Debtors.

4. All corporate documents of Living Ventures, including but not limited to articles of organization, bylaws, minutes, annual actions, and shareholder agreements.

5. All federal tax returns of Living Ventures for years 2006 until the present.

6. All state property tax returns of Living Ventures for years 2006 until the present.

7. Please provide a list of all business assets of Living Ventures as of August 9, 2006, or the closest time period possible to that date if the exact date is unavailable.

8. Please provide a list of all business assets of Living Ventures as of December 29, 2007. If such is unavailable as of that exact date, please provide a list, or

some other similar documentation, showing all business assets of Living Ventures at the end of the year in 2007, or the closest time available.

9. Any and all documents relating to the Living Venture's current business activities in Florida, or any other states, including, without limitation, a list of all current business assets and their location(s), incorporation documents, stock certificates, agreements, correspondence, memoranda, invoices, bills, checks, receipts, bank statements, tax returns, legal pleadings, orders, judgments, releases, notes, mortgages, deeds, annual reports, profit-and-loss statements, general ledgers, accounting documents, balance sheets, and dissolution documents.

10. Any and all documents showing or related to the injection of money into the Living Ventures business from any source anytime after August 9, 2006, whether in the form of loan or equity, and any disbursements of money out of Living Ventures to the Debtors, whether in the form of salary, dividend, or loan, after August 9, 2006.

11. Any and all documents relating to Living Venture's acquisition, ownership, and sale, or any other transfer or conveyance, of any business assets since August 9, 2006, including, without limitation, correspondence, listing agreements, contracts for sale, appraisals, bills of sale, tax records, or other transfer documents, payment books, direct deposit or withdrawal forms, statements, checks, and receipts.

12. Any and all documents showing or referencing the value of any asset or thing of value owned or held by Living Ventures after August 9, 2006, including but not limited to property tax returns, general ledgers, accounts receivable summary, accounts

payable summary, asset master list, asset listing after removals, retention receivables, profit and loss, and reconciliation.

13. All bank account statements for any bank account related to Living Ventures for time frame starting six (6) months prior to the Petition Date to the present.